JOHN R. SCULLY, PAUL C. VICKERS, and H. C. NICHOLS, constituting the Florida State Board of Veterinary Examiners, v. CHARLES WEBBER and CLEO WEBBER, individually and doing business as WEBBER'S KENNELS.

30 So. (2nd) 504                          January Term, 1947
May 16, 1947                              Special Division A

*Clyde H. Wilson,* for appellants.
*John C. Pinkerton,* for appellees.

TERRELL, J.:

Appellants as complainants exhibiting their Bill of Complaint in the Circuit Court, seeking to enjoin appellees as defendants from practicing veterinary medicine and surgery or veterinary dentistry as provided by Chapter 474. Florida Statutes of 1941, as amended by Chapter 22915, Acts of 1945.

A motion to dismiss the bill was granted and this appeal was prosecuted.

Section 474.08, Florida Statutes 1941 F.S.A., impose certain penalties for practicing veterinary medicine and surgery or veterinary. dentistry "without a license." Chapter 22915, Acts of 1945, attempted to amend Section 474.08 by re-enacting the penalties and adding thereto the following:

"In addition to the penalties herein provided, the State Board of Veterinary Examiners shall have the right to apply by bill in equity to any circuit court in the State of Florida, for an injunction perpetually *restraining* and *enjoining* any person from practicing veterinary medicine and surgery or veterinary dentistry in the State of Florida."

The bill of complaint prayed that the defendants be *perpetually restrained and enjoined* from practicing veterinary medicine and surgery or veterinary dentistry in the State of Florida, relying on the quoted provision of the act for an affirmative answer. The title to the said act provides for amendment so as to authorize the "Board of Veterinary Examiners to enjoin persons from practicing veterinary medicine and surgery or veterinary dentistry *without a license.*"

There seems to be no need to explore the constitutionality of the act because of any difference between the section quoted and the title, because it is obvious that the only end intended to be reached was to restrain persons not properly licensed from practicing veterinary medicine and surgery. The bill in this case charged that appellees had thus violated the law, and the remedy sought was a perpetual injunction. Under this prayer, even assuming that there is such a writ as a perpetual injunction, giving that word its true meaning, it does not seem that the bill should have been dismissed, because the worst that could be said of it was that more was sought than could be granted.

In such a situation it seems that the chancellor could grant injunctive relief, if eventually the allegations were sustained by the proof, by enjoining the defendants from the practice of veterinary medicine and surgery until such time as they qualified by obtaining a license. It is our conclusion that the

order dismissing the bill of complaint should be reversed, with directions to the defendants to answer the bill.

THOMAS, C. J., CHAPMAN, J., and HOLT, Associate Justice, concur.